# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RBB2, LLC, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CSC SERVICEWORKS, INC.,<br>　　　　　　Defendant. | Case No.:1:18-cv-0915 - LJO - JLT<br><br>ORDER TO THE PARTIES TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE TRANSFERRED TO THE NORTHERN DISTRICT OF OHIO |

In this case, the plaintiff contends that the defendant imposed an administrative fee on their laundry facilities lease, that was not condoned by the contract. The parties report that this case is related to <u>Summit Gardens Associates, et al. v. CSC Service works, Inc.</u>, Case Number 1:17-cv-02553 DCN filed on December 7, 2017 in the Northern District of Ohio, which makes similar claims. CSC contends the class description alleged in the <u>Summit Gardens</u> case encompasses the class described in this litigation. Indeed, in addition to raising the same basic allegations as here, in <u>Summit Gardens</u> the plaintiff described the class as "All persons and/or entities whose rent payments under leases with CSC or any of its subsidiaries or related entities were reduced by the amount of the Administrative Fee referenced in the letter from CSC send and received in or around May, 2017."[1] (Case Number 1:17-cv-

---

[1] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993). The record of the docket of the Northern District of Ohio is a source whose accuracy cannot reasonably be questioned, and the Court may take judicial notice of these records. <u>Mullis v. United States Bank. Ct.</u>,

1

02553 DCN, Doc. 1-2 at 8) Summit Gardens alleges there are "over 1 million machines in service in the United States." Id. at 6. In this case, the class allegation is limited to consumers in California. (Doc. 26 at 7) Summit Gardens raises only a breach of contract claim (Case Number 1:17-cv-02553 DCN, Doc. 1-2 at 10-11), though this case asserts a right to relief based upon quasi contract in the alternative. (Doc. 26 at 11)

In Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 94–95 (9th Cir.1982), the Ninth Circuit Court of Appeals explained the first-to-file rule as follows:

> There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. [Citations] Normally sound judicial administration would indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action.

(Id. at 95 (Internal citations omitted); see also Cedars–Sinai Med. Ctr. v. Shalala, 125 F.3d 765, 769 (9th Cir. 1997) and Church of Scientology of Cal. v. U.S. Dep't of the Army, 611 F.2d 738, 750 (9th Cir.1979) (explaining that the purpose of the rule is to promote efficiency, to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments.) Given its purposes, the rule should not be disregarded lightly. (Id.)

To determine whether the first-to-file rule applies, the Court looks to three essential factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. Wright v. RBC Capital Markets Corp., 2010 WL 2599010, at *5 (E.D. Cal. June 24, 2010). However, this "first to file" rule is "not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." Pacesetter, 678 F.2d at 94–95.

The U.S. Supreme Court counsels that "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," must be considered keeping in mind that "an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts," when determining whether cases should proceed in a single

---

828 F.2d 1385, 1388 n. 9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980).

forum. Kerotest Manufacturing Co. v. C–O–Two Fire Equipment Co., 342 U.S. 180, 183–184 (1952).

Given the similarities of the claims in this case and in Summit Gardens, it appears to the Court that the first-to-file rule may apply. Therefore, the Court **ORDERS:**

1. **No later than June 17, 2019**, the parties **SHALL** show cause why the matter should not be transferred to the Northern District of Ohio.

IT IS SO ORDERED.

Dated: **May 20, 2019**                **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE

3