1

Paul B. La Scala (SBN: 186939)
plascala@shb.com

2

Paul A. Williams (*Pro Hac Vice*)

3

pwilliams@shb.com
SHOOK, HARDY & BACON L.L.P.

4

5 Park Plaza, Suite 1600

5

Irvine, CA 92614-2546
T: 949.475.1500 | F: 949.475.0016

6

7

Matthew F. Williams (SBN: 323775)
mfwilliams@shb.com

8

SHOOK, HARDY & BACON L.L.P.

9

One Montgomery Tower, Suite 2600
San Francisco, CA 94104

10

T: 415-544-1900 | F: 415-391-0281

11

Attorneys for Defendant

12

CSC SERVICEWORKS, INC.

13

# UNITED STATES DISTRICT COURT

14

## FOR THE EASTERN DISTRICT OF CALIFORNIA

15

16

RBB2, LLC, a California limited
liability company, individually and on

17

behalf of all others similarly situated,

Case No. 1:18-cv-00915-LJO-JLT

18

*Plaintiff,*

**DEFENDANT CSC SERVICEWORKS,
INC.'S RESPONSE TO ORDER TO
SHOW CAUSE WHY THE ACTION**

19

*v.*

**SHOULD NOT BE TRANSFERRED TO
THE NORTHERN DISTRICT OF OHIO**

20

21

CSC SERVICEWORKS, INC., a
Delaware corporation,

22

*Defendant.*

23

24

25

26

27

28

Case No. 1:18-cv-00915-LJO-JLT
Defendant CSC ServiceWorks, Inc.'s Response to Order to Show Cause
Why The Action Should Not Be Transferred to the Northern District of Ohio

4828-5270-8506 v3

1    On May 21, 2019, the Court entered a show cause Order directing the parties to

2    address why this matter should not be transferred to the Northern District of Ohio under

3    the first-to-file rule. Doc. # 40. The Court should not transfer this action to the Northern

4    District of Ohio for two reasons.

5    *First*, transfer under first-to-file rule is inappropriate because this case could not

6    have been originally filed in the Northern District of Ohio. The Ninth Circuit has recently

7    made clear that the first-to-file rule cannot negate Section 28 U.S.C. § 1404(a)'s

8    "requirement that an action may be transferred only to a district where it 'might have

9    been brought'" *In re Bozic*, 888 F.3d 1048, 1053-54 (9th Cir. 2018). Section 1404(a)

10   provides that "[a] civil action may be brought in: (1) a judicial district in which any

11   defendant resides, if all defendants are residents of the State in which the district is

12   located; (2) a judicial district in which a substantial part of the events or omissions giving

13   rise to the claim occurred, or a substantial part of property that is the subject of the action

14   is situated . . . ." 28 U.S.C. § 1391(b).

15   CSC is not a resident of the Northern District of Ohio such that venue is proper

16   under 28 U.S.C. § 1391(b)(1). For venue purposes, a defendant corporation is deemed to

17   reside "in any judicial district in which such defendant is subject to the court's personal

18   jurisdiction with respect to the civil action in question." 28 U.S.C.A. § 1391(c)(2). CSC is

19   a Delaware corporation with its principal place of business in New York. And because

20   RBB2's claims relate to property and an agreement that is related to California—not

21   Ohio—the Northern District of Ohio has neither general nor specific jurisdiction over

22   CSC regarding RBB2's claims. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564

23   U.S. 915, 919 (2011) ("specific jurisdiction is confined to adjudication of 'issues deriving

24   from, or connected with, the very controversy that establishes jurisdiction.'"); *AM Tr. v.*

25   *UBS AG*, 681 F. App'x 587, 588 (9th Cir. 2017) ("[T]he Supreme Court held that a

26   1

27   

28

Case No. 1:18-cv-00915-LJO-JLT
Defendant CSC ServiceWorks, Inc.'s Response to Order to Show Cause
Why The Action Should Not Be Transferred to the Northern District of Ohio
4828-5270-8506 v3

1    corporation is typically subject to general personal jurisdiction only in a forum where it is

2    incorporated or where it maintains its principal place of business.").[1]

3         In addition, the events giving rise to RBB2's claims did not occur in Ohio, nor is a

4    substantial part of the property that is a subject of RBB2's claims located in Ohio.

5    Indeed, this action involves a laundry service agreement for property located in

6    California, and a business relationship unique to RBB2 and CSC focused *solely* in

7    California. As RBB2's Amended Complaint demonstrates, this action arises out of a lease

8    that was negotiated, signed, performed, and allegedly breached in the Eastern District of

9    California. Doc. # 26 ¶¶ 9–10, 28–33.

10        *Second*, the Court should not transfer this action under the first-to-file rule because

11   the Parties specifically agreed that any dispute would be brought in California state or

12   federal court, and thus, the Northern District of Ohio is not a proper venue for this action.

13   Courts have held that it is improper to transfer a case under the first-to-file rule where the

14   parties have entered into an enforceable contract containing a forum selection clause.

15   *See, e.g., Universal Operations Risk Mgmt., LLC v. Global Rescue LLC*, 2012 WL

16   2792444 (N.D. Cal. July 9, 2012) (collecting cases).

17        For these reasons, CSC requests that the Court not transfer this action to the

18   Northern District of Ohio under the first-to-file rule.

19

20

21   [1] Although the Court in *Summit Gardens* allowed the case to proceed with discovery over
     CSC's objection for lack of specific jurisdiction, CSC disagrees with the Court's ruling
22   and intends to renew its position in opposition to class certification that, under binding
     Supreme Court precedent, the Northern District of Ohio does not have specific personal
23   jurisdiction over CSC for any lessors' claims outside state of Ohio, including California
24   lessors like RBB2.

25

26                                              2

27                                                      Case No. 1:18-cv-00915-LJO-JLT
                     Defendant CSC ServiceWorks, Inc.'s Response to Order to Show Cause
28          Why The Action Should Not Be Transferred to the Northern District of Ohio

     4828-5270-8506 v3

1    Dated:  June 17, 2019                    Respectfully submitted,

2                                             SHOOK HARDY & BACON L.L.P.

3

4                                             */s/Paul B. La Scala*
                                             Paul B. La Scala
5

6                                             Attorneys for Defendant
                                             CSC SERVICEWORKS, INC.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                      3
26

27                                        Case No. 1:18-cv-00915-LJO-JLT
                   Defendant CSC ServiceWorks, Inc.'s Response to Order to Show Cause
28           Why The Action Should Not Be Transferred to the Northern District of Ohio

4828-5270-8506 v3