Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
Todd Logan (SBN 305912)
tlogan@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94109
Tel: 415-212-9300
Fax: 415-373-9435

*Attorneys for Plaintiff and the Putative Class*

[Additional counsel appear on signature page]

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RBB2, LLC, a California limited liability company, individually and on behalf of all others similarly situated,<br><br>   *Plaintiff,*<br><br>   v.<br><br>CSC SERVICEWORKS, INC., a Delaware corporation,<br><br>   *Defendant.* | Case No. 1:18-cv-00915-LJO-JLT<br><br>**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE TRANSFERRED TO THE NORTHERN DISTRICT OF OHIO** |

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

ARGUMENT........................................................................................................................2

I. This Case Could Not Have Been Filed in the Northern District of Ohio in the First Instance and Thus, Cannot be Transferred There RBB2's Claims ...............................3

  A. CSC Is Not Subject to Personal Jurisdiction in Ohio with Respect To RBB2's Claims..................................................................................................................4

  B. The Events Giving Rise to RBB2's Claims Occurred in This District .........................................................................................................6

II. The First-to-File Rule Should Not Apply In Any Event..................................................6

  A. Given the Realistic Chance that the Ohio Action's Proposed Nationwide Class Cannot Be Certified, the RBB2 Action's California Class Should Not Be Considered the "Same Party" Under the First-to-File Rule....................................7

  B. The RBB2 Action Pursues Claims the Ohio Action Does Not ...............................10

  C. Equitable Considerations Warrant Retaining Jurisdiction Over the RBB2 Action ..................................................................................................................11

CONCLUSION ..................................................................................................................13

# TABLE OF AUTHORITIES

**United States Supreme Court Cases**

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*,
    137 S. Ct. 1773 (2017)..................................................................................................8, 9

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014).......................................................................................................4, 5

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011).......................................................................................................4, 5

*Walden v. Fiore*,
    571 U.S. 277 (2014)...........................................................................................................5

**United States Circuit Court of Appeals Cases**

*Alltrade, Inc. v. Uniweld Prod., Inc.*,
    946 F.2d 622 (9th Cir. 1991) ..............................................................................................2

*AM Tr. v. UBS AG*,
    681 F. App'x 587 (9th Cir. 2017) ...................................................................................4, 5

*Animal Legal Def. Fund v. U.S. Food & Drug Admin.*,
    836 F.3d 987 (9th Cir. 2016) ..............................................................................................3

*Church of Scientology of California v. U.S. Dep't of Army*,
    611 F.2d 738 (9th Cir. 1979) ........................................................................................3, 11

*In re Bozic*,
    888 F.3d 1048 (9th Cir. 2018) ................................................................................... passim

*Pacesetter Systems, Inc. v. Medtronic, Inc.*,
    678 F.2d 93 (9th Cir. 1982) ........................................................................................2, 13

**United States District Court Cases**

*Adoma v. Univ. of Phoenix, Inc.*,
    711 F. Supp. 2d 1142 (E.D. Cal. 2010)..................................................................... passim

*Chavez v. Church & Dwight Co.*,
    No. 17 C 1948, 2018 WL 2238191 (N.D. Ill. May 16, 2018) ............................................8

*DeBernardis v. NBTY, Inc,*,
    No. 17 C 6125, 2018 WL 461228 (N.D. Ill. Jan. 18, 2018) ...............................................8

*Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*,
   179 F.R.D. 264 (C.D. Cal. 1998) ..................................................................................11, 13

*Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*,
   544 F. Supp. 2d 949 (N.D. Cal. 2008) .................................................................................12

*Jumapao v. Washington Mut. Bank, F.A.*,
   No. 06-CV-2285 W (RBB), 2007 WL 4258636 (S.D. Cal. Nov. 30, 2007) ........................12

*Lac Anh Le v. Pricewaterhousecoopers LLP*,
   No. C-07-5476 MMC, 2008 WL 618938 (N.D. Cal. Mar. 4, 2008) ..................................7, 8

*Lovell v. United Airlines, Inc.*,
   728 F. Supp. 2d 1096 (D. Haw. 2010) .................................................................................10

*Mack v. Amazon.com, Inc.*,
   No. CV1702515ABRAOX, 2017 WL 8220436 (C.D. Cal. Sept. 19, 2017) ...............11, 12

*Maclin v. Reliable Reports of Texas, Inc.*,
   314 F. Supp. 3d 845 (N.D. Ohio 2018) ..................................................................................8

*Mattero v. Costco Wholesale Corp.*,
   336 F. Supp. 3d 1109 (N.D. Cal. 2018) ................................................................................11

*Morrison v. CRST Van Expedited Inc.*,
   No. LACV095638VAPOPX, 2010 WL 11519596 (C.D. Cal. Aug. 5, 2010) ................7, 10

*Pac. Coast Breaker, Inc. v. Connecticut Elec., Inc.*,
   No. CIV. 10-3134 KJM EFB, 2011 WL 2073796 (E.D. Cal. May 24, 2011) ......................7

*RBB2, LLC v. CSC ServiceWorks, Inc.*,
   No. 118CV00915LJOJLT, 2019 WL 1170484 (E.D. Cal. Mar. 13, 2019) ........................10

*Santos v. CarMax Bus. Servs., LLC*,
   No. 17-CV-02447-RS, 2018 WL 7916823 (N.D. Cal. May 8, 2018) ...................................8

*Summit Gardens Associates, et al. v. CSC ServiceWorks, Inc.*,
   No. 1:17-cv-02553 (N.D. Ohio June 1, 2018) .......................................................... *passim*

*Swamy v. Title Source, Inc.*,
   No. C 17-01175 WHA, 2017 WL 5196780 (N.D. Cal. Nov. 10, 2017) ...............................9

*Wilkie v. Gentiva Health Servs., Inc.*,
   No. CIV. 10-1451 FCD/GGH, 2010 WL 3703060 (E.D. Cal. Sept. 16, 2010) .............9, 11

**Statutory Provisions**

28 U.S.C. § 1391 ................................................................................................................... *passim*

28 U.S.C. § 1404 ............................................................................................................................1, 3, 6

# INTRODUCTION

On May 21, 2019, Magistrate Judge Thurston entered an Order to show cause as to why this matter should not be transferred to the Northern District of Ohio, where other litigation against CSC is also pending (the "Ohio Action"), in accordance with the first-to-file rule. (Dkt. 40 (the "Order").) The reason why this matter (the "RBB2 Action") should not be transferred is straightforward: binding Ninth Circuit precedent is clear that the power to transfer under the first-to-file rule is constrained by 28 U.S.C. § 1404(a), which limits transfer of an action "to any other district or division where it might have been brought" in accordance with 28 U.S.C. § 1391's general venue provisions. *In re Bozic*, 888 F.3d 1048, 1053 (9th Cir. 2018). RBB2 is a California company claiming damages stemming from a contract that was signed, performed, and allegedly breached in California, regarding a property located in California, and it seeks to represent a state-specific class of similarly situated Californians. (*See generally* dkt. 26 (the "FAC").) For its part, Defendant CSC ServiceWorks, Inc. ("CSC") is a Delaware corporation that's principal place of business is located in New York. In other words, and as discussed further below, RBB2 could not have properly filed this case in the Northern District of Ohio, and thus the case cannot now be transferred there. *See* 28 U.S.C. § 1391(b).[1]

Setting aside that transfer would be improper, it's also worth noting that the first-to-file rule does not apply here. While at first glance the RBB2 and Ohio Actions are related, upon closer inspection, there are material differences. By way of example, the RBB2 Action seeks to recover on behalf of a limited, single-state class that the Ohio Action may not ultimately be able to represent (indeed, CSC has already argued that it cannot). And RBB2 asserts an additional theory of recovery that the Ohio Action is not pursuing.

Further, equitable considerations would warrant relaxing the first-to-file rule even if it could otherwise apply. For one, RBB2 has sought dismissal of CSC's asserted counterclaims, whereas the plaintiff in the Ohio Action has chosen to allow those counterclaims to proceed

---

[1] Notably, the Parties' written lease agreement at issue also identifies this district as the chosen forum for litigating any disputes between them. (*See* dkt. 14-3 § 8.)

against it. Likewise, this case is poised to advance beyond the Ohio Action in short order: Although the plaintiffs in both Actions have served an initial set of written discovery, unlike in this case, the parties in Ohio have not agreed upon an ESI protocol, have not produced documents beyond an ongoing production of sample leases, and have not begun scheduling depositions. In other words, proceeding to transfer this case to the Ohio Action would actually slow the progress of this litigation and create inefficiencies for these proceedings that would not otherwise exist.[2]

In the end, while RBB2 is cognizant of this Court's busy docket and is committed to litigating this matter as efficiently as possible and minimizing any burdens on the Court, it respectfully submits that transfer pursuant to the first-to-file rule would not be proper and that this case can and should proceed here—the appropriate and chosen forum for this litigation.

## ARGUMENT

The first-to-file doctrine allows a court to transfer a case in the interests of judicial efficiency "when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). In particular, the first-to-file rule may apply when "three threshold factors [are met]: '(1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues.'" *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1146 (E.D. Cal. 2010) (quoting *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625-26 (9th Cir. 1991)). The first-to-file "rule," however, *does not require* transfer. Rather, "the most basic aspect of the first-to-file rule is that it is discretionary . . . ." *Alltrade*, 946 F.2d at 628. Thus, even if the three threshold factors may be met, a court can decline to transfer the case. It may be equitable to retain jurisdiction, for example, when the second-to-file plaintiff brings additional theories of recovery that the first plaintiff does not, when the cases are at a similar posture, *Adoma*, 711 F. Supp. 2d at 1150, or if

---

[2] Of course, any efficiencies that might be gained from sharing common discovery across the actions won't be lost simply because this case proceeds in its proper California forum—that information can still be readily shared across the actions. Never mind that CSC itself does not object to these actions proceeding in separate forums.

the later-filed action has moved beyond the initial action, *see Church of Scientology of California v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016). Should a court determine that transfer is appropriate, it may only transfer the case to district where it could have originally been brought. *In re Bozic*, 888 F.3d at 1054.

**I.     This Case Could Not Have Been Filed in the Northern District of Ohio in the First Instance and Thus, Cannot be Transferred There Now.**

The Order asks why the Court should not transfer the RBB2 Action to Ohio. (*See* dkt. 40.) The answer is straightforward. As the RBB2 Action could not have originally been filed in the Northern District of Ohio, it cannot be transferred there pursuant to the first-to-file rule.[3] *See In re Bozic*, 888 F.3d at 1054 (rejecting contention "that the first-to-file rule negates § 1404(a)'s requirement that an action may be transferred only to a district where it 'might have been brought'"). Section 1404(a) allows "a district court [to] transfer any civil action to any other district or division where it might have been brought . . . ." In turn, "[a] civil action may be brought in-- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . ." 28 U.S.C. § 1391(b).[4] Thus, a court may only to transfer a case pursuant to the first-to-file rule if, with respect to the later-filed claims, the transferee district meets the general venue criteria set forth in 28 U.S.C. § 1391(b), and, by extension, 28 U.S.C. § 1404(a). "A contrary understanding of the interaction between the first-to-file rule and § 1404(a) would allow a judge-made doctrine to contravene a congressionally enacted statute—a

---

[3]     This analysis applies with equal force to CSC's counterclaims.
[4]     As venue is appropriate in the Eastern District of California or the judicial district in which Defendant resides, the residual venue provision in 28 U.S.C. § 1391(b)(3) is of no import here. *See* 28 U.S.C. § 1391(b)(3) ("[I]f there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.").

1  result that the Supreme Court has made clear [courts] cannot countenance." *In re Bozic*, 888 F.3d
2  at 1054. Here, the underlying facts, the circumstances of the Parties and the claims at issue all
3  make clear that the Northern District of Ohio is not a proper venue for this case, and therefore it
4  cannot be transferred there.[5]

   A.   **CSC Is Not Subject to Personal Jurisdiction in Ohio with Respect to RBB2's Claims.**

   First, for purposes of this action, CSC is not a resident of the Northern District of Ohio such that the venue is proper under 28 U.S.C. § 1391(b)(1). For venue purposes, a defendant corporation is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). There are two types of personal jurisdiction: general and specific. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). With respect to the claims in the RBB2 Action, the Northern District of Ohio cannot exercise either type of personal jurisdiction.

   General personal jurisdiction exists where a defendant's connections with the forum state "are so 'continuous and systematic' as to render them essentially at home" there. *Id.* Paradigmatically, a corporation, as in this case, is subject to general personal jurisdiction in the state in which it is incorporated and in which it has its principal place of business, typically its headquarters. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); *AM Tr. v. UBS AG*, 681 F. App'x 587, 588 (9th Cir. 2017) ("[T]he Supreme Court held that a corporation is typically subject to general personal jurisdiction only in a forum where it is incorporated or where it maintains its principal place of business."). In this case, CSC is incorporated in Delaware and has its principal place of business in New York. (*See* FAC ¶ 7; dkt. 27 ¶ 7 (admitting these facts as true).) The complaint in the Ohio Action does nothing to suggest that CSC is "at home" in Ohio, and is thus subject to general personal jurisdiction there, beyond stating that CSC is registered to

---

[5]   The case here presents an additional reason to retain jurisdiction: the underlying lease agreement provides that this forum it the appropriate venue for disputes concerning the contract. (Dkt. 4-3 ¶ 8.)

do business there. *See Summit Gardens Assocs., et al. v. CSC ServiceWorks, Inc.*, No. 1:17-cv-02553, dkt. 1-2, ¶¶ 4–5 (N.D. Ohio Dec. 7, 2017). The Supreme Court has made clear that "doing business" in a state does not mean it is "at home" there. *Daimler*, 571 U.S. at 139 n.20 (noting that the inquiry requires "an appraisal of a corporation's activities in their entirety, [including] nationwide [and that a] corporation that operates in many places can scarcely be deemed at home in all of them"). Indeed, as the court in the Ohio Action noted, it was undisputed "that the [c]ourt does not have general personal jurisdiction over CSC." *Summit Gardens*, No. 1:17-cv-2553, dkt. 22, at 6 (N.D. Ohio June 1, 2018).[6] The calculus with respect to RBB2's claims would be no different; there is nothing about them that would allow the Northern District of Ohio to find it has general personal jurisdiction over CSC, nor could such facts be alleged. (*See generally* FAC.) In short, CSC lacks the requisite connections to be subject to general personal jurisdiction in Ohio.

Nor could the Northern District of Ohio exercise specific personal jurisdiction with respect to the claims RBB2 asserts here. Specific personal jurisdiction may be found when there is a particular "'affiliatio[n] between the forum and the underlying controversy' (*i.e.,* an 'activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation')." *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014) (quoting *Goodyear*, 564 U.S. at 919). In order for specific personal jurisdiction to exist, "the defendant's suit-related conduct must create a substantial connection with the forum [s]tate." *Id.* at 284. RBB2's suit contains no links whatsoever to Ohio, much less any that are sufficiently substantial. (*See generally* FAC.) Instead, the allegations show that specific personal jurisdiction is proper in California, where the contracts were negotiated and signed, where the at-issue property sits, and where the breach is alleged to have occurred. (*Id.* ¶¶ 9–10, 28–33.)

---

[6]   To be clear, that CSC has appeared in the Ohio Action has no bearing on whether the Ohio court can exercise personal jurisdiction over it with respect to RBB2's claims. *See AM Tr.*, 681 F. App'x at 589 (noting lack of authority supporting contention that "any consent [defendant] may have given to personal jurisdiction in [a state] in other cases would amount to consent to personal jurisdiction in this case").

For these reasons, the Northern District of Ohio is not a proper venue for RBB2's claims pursuant to 28 U.S.C. § 1391(b)(1).

### B. The Events Giving Rise to RBB2's Claims Occurred in This District.

As the claims in the RBB2 Action are inextricably linked to California such that "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" in this judicial district—not the Northern District of Ohio—venue is not proper there under 28 U.S.C. § 1391(b)(2). "[I]n a class action, the 'events' in question are only those involving the named plaintiff[]." *In re Bozic*, 888 F.3d at 1053. Whether the named plaintiff in a later-filed action is part of the putative class in the earlier-filed action has no bearing on the inquiry. *Id.* at 1054 ("[I]t is irrelevant that [plaintiff] is herself a member of the putative class in [the earlier-filed action]; whether venue is proper under § 1391(b)(2) in *this* action depends only on the events surrounding [plaintiff's] claims.") (emphasis in original). Here, "[n]othing in [RBB2's] Complaint suggests that a substantial part of the events giving rise to [its] individual claims—or, indeed, any event giving rise to [its] individual claims—occurred in the [Northern District of Ohio]." *Id.* at 1053. Instead, as the FAC makes clear, everything related to RBB2's case is tied to California. RBB2 is a California company, the contracts were negotiated, signed, performed, and allegedly breached in the Eastern District of California, and the property that the contracts concern is located here. (FAC ¶¶ 9–10, 28–33.) Venue is not proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b)(2).

Because RBB2 could not have brought this case in the Northern District of Ohio under any subsection of 28 U.S.C. § 1391(b), it cannot now be transferred there pursuant to 28 U.S.C. § 1404(a). *In re Bozic*, 888 F.3d at 1054 (finding in such circumstances that the transferee district "is not an available venue for this action").

### II. The First-to-File Rule Should Not Apply In Any Event.

Even if the Northern District of Ohio were a proper venue (it is not), transfer would still not be appropriate under the first-to-file rule given the distinctions between the proposed classes and claims in each lawsuit, as well as relevant equitable considerations that favor this Court

RESPONSE TO ORDER TO SHOW CAUSE         6         CASE NO. 1:18-cv-00915

retaining jurisdiction over this action.

### A. Given the Realistic Chance that the Ohio Action's Proposed Nationwide Class Cannot Be Certified, the RBB2 Action's California Class Should Not Be Considered the "Same Party" Under the First-to-File Rule.

In order to find that the parties are the same for purposes of the first-to-file rule, there must be "substantial similarity" rather than a "strict identity of the parties." *Adoma*, 711 F. Supp. 2d at 1147; *Pac. Coast Breaker, Inc. v. Connecticut Elec., Inc.*, No. CIV. 10-3134 KJM EFB, 2011 WL 2073796, at *3 (E.D. Cal. May 24, 2011) ("[E]xact identity is not required to satisfy the first-to-file rule."). When the comparison across cases involves classes that have not yet been certified, there has been a split of authority in California district courts as to whether the named plaintiffs or the putative classes should be compared. *Compare Lac Anh Le v. Pricewaterhousecoopers LLP*, No. C-07-5476 MMC, 2008 WL 618938, at *1 (N.D. Cal. Mar. 4, 2008) (noting the plaintiff in the later-filed case would only be part of the earlier-filed case if the that putative class was certified, and finding the plaintiffs dissimilar) *with Morrison v. CRST Van Expedited Inc.*, No. LACV 09-5638-VAP(OP) 2010 WL 11519596, at *2 (C.D. Cal. Aug. 5, 2010) (discussing split and considering whether named plaintiff in later-filed action was part of the putative class in the earlier-filed action) *and Adoma*, 711 F. Supp. 2d at 1147 (same). Under either test, RBB2 should not be considered to be substantially similar.

If the Court follows the line of cases comparing whether the named plaintiffs in a class action are the same, then it is clear that the parties are not similar. *See Lac Anh Le*, 2008 WL 618938, at *1. This approach is sensible, as currently the only parties in the cases are the named plaintiffs and defendants; the putative class members are not yet subject to the proceedings. Indeed, the *In re Bozic* court specifically highlighted the importance of analyzing the named plaintiff's claims and not those of the putative class. 888 F.3d at 1053. While there the analysis took place in the context of determining whether the court had personal jurisdiction over the parties, there is nothing to suggest that addressing the similarity of the parties would warrant considering persons or entities that are not in fact parties to the action. A comparison of the

named plaintiffs in this and the Ohio Action shows that they are dissimilar. Thus, transfer is inappropriate. *See Lac Anh Le*, 2008 WL 618938, at *1 ("At the present time, however, the parties in [earlier-filed action] and the parties in the instant action are not the same; rather, the plaintiffs in [earlier-filed action] are two individuals, Jason Campbell and Sarah Sobek, while the sole plaintiff herein is Lac Anh Le.").

Should the Court consider whether RBB2 is a member of the putative class in the Ohio Action, it would be equally inappropriate to find that the classes are similar. While on the face of the pleadings, the Ohio Action purports to seek to represent a nationwide class, Supreme Court precedent suggests it may be limited only to Ohio residents over whose claims the Northern District of Ohio has specific personal jurisdiction, in which case RBB2's California-only class would not be covered by the Ohio Action. *See Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1781 (2017) (holding in a mass action case that defendant was not subject to forum state's jurisdiction over non-residents' claims against defendant). Several courts have held that *Bristol-Myers* applies in the class action context, such that it bars nationwide class actions in a forum where there is no general jurisdiction over a defendant. *See, e.g.*, *DeBernardis v. NBTY, Inc.*, No. 17 C 6125, 2018 WL 461228, at *2 (N.D. Ill. Jan. 18, 2018) (dismissing nationwide class claims); *Chavez v. Church & Dwight Co.*, No. 17 C 1948, 2018 WL 2238191, at *10 (N.D. Ill. May 16, 2018) (same). This includes a court in the Northern District of Ohio considering similar collective action cases. *See Maclin v. Reliable Reports of Texas, Inc.*, 314 F. Supp. 3d 845, 850–51 (N.D. Ohio 2018) ('[T]he Court cannot envisage that the Fifth Amendment Due Process Clause would have any more or less effect on the outcome respecting FLSA claims than the Fourteenth Amendment Due Process Clause, and this district court will not limit the holding in *Bristol-Myers* to mass tort claims or state courts."). Other courts have found that nationwide classes are not so limited, at least prior to a motion for class certification. *See, e.g., Santos v. CarMax Bus. Servs., LLC*, No. 17-CV-02447-RS, 2018 WL 7916823, at *5 (N.D. Cal. May 8, 2018) (finding that *Bristol-Myers* did not apply in class action context). Still other courts have found the *Bristol-Myers* does not limit nationwide class

actions when a federal claim is at issue. *See, e.g.*, *Swamy v. Title Source, Inc.*, No. C 17-01175 WHA, 2017 WL 5196780, at *2 (N.D. Cal. Nov. 10, 2017).[7]

Here, as no class certification motion has been filed, the court in the Ohio Action has not yet definitively addressed whether personal jurisdiction exists over the absent class members. Instead, at the motion to dismiss stage, the court found that "in a *putative* class action" the court was "only concerned with the jurisdictional obligations of the named plaintiffs and unnamed class members are irrelevant to the question of specific personal jurisdiction." *Summit Gardens*, No. 1:17-cv-02553, dkt. 22, at 6 (N.D. Ohio June 1, 2018) (emphasis added). The court went on to further confirm that "CSC's arguments for dismissal of the class allegations are better suited to an opposition for a motion for class certification, in the event that such a motion is eventually filed by [p]laintiffs." *Id.* at 11.

If plaintiffs in the Ohio Action case do in fact file a class certification motion that seeks to certify a nationwide class, there is a real chance that the court will adopt *Bristol-Myers*'s reasoning and limit the class only to Ohio residents. In such a case, RBB2's California-only class would not be similar to the certified Ohio-only class. Should RBB2's case be transferred there, only for the Ohio court to limit the class, RBB2's case would be stalled in a forum in which its claims—as well as the claims of the class it seeks to represent—cannot be addressed. Given that prospect, this Court should find that RBB2's California-only class is dissimilar. *See Wilkie v. Gentiva Health Servs., Inc.*, No. CIV. 10-1451 FCD/GGH, 2010 WL 3703060, at *3 (E.D. Cal. Sept. 16, 2010) ("[P]laintiff correctly points out that at this stage in the litigation, it is not apparent whether the nation-wide classes are substantially similar."); *see also Adoma*, 711 F. Supp. 2d at 1150 (declining to apply the first-to-file rule when the plaintiff "presented some evidence that the collective action proposed in [the first-filed action], if certified, has a reasonable chance of being limited to Pennsylvania residents. As such, it seems possible that the

---

[7]   To be clear, Plaintiff is not advocating that *Bristol-Myers* inevitably precludes a nationwide class in the Ohio Action, or any other case, but rather that there exists a not-insignificant possibility that that the court in the Ohio Action follows the reasoning in other in-district cases to make such a finding.

RESPONSE TO ORDER TO SHOW CAUSE           9           CASE NO. 1:18-cv-00915

rights of potential collective members in every other jurisdiction may be seriously infringed.")

Because the parties are dissimilar, the first requirement necessary to trigger the first-to-file rule would not be satisfied here.

### B. The RBB2 Action Pursues Claims the Ohio Action Does Not.

The second element necessary to find that the first-to-file rule may apply, the similarity of the claims at issue, is also unmet. The issues across the cases need not be identical, but they must be "substantially similar." *Adoma*, 711 F. Supp. 2d at 1148. Here, RBB2's unjust enrichment claim is significantly dissimilar from the Ohio Action's lone breach of contract claim.

For one, the two claims are predicated on different factual allegations. *See Morrison*, 2010 WL 11519596, at *3 (finding that theories may be similar when they "rest upon the same factual allegations and [] central question"); *Lovell v. United Airlines, Inc.*, 728 F. Supp. 2d 1096, 1101 (D. Haw. 2010) ("The first-to-file rule may be applicable even where the remedy sought is different, provided that the underlying legal issues are the same or substantially similar."). As this Court pointed out, RBB2's unjust enrichment claim is premised on a complete absence of an enforceable contract, and facts supporting that claim must be alleged. *RBB2, LLC v. CSC ServiceWorks, Inc.*, No. 118CV00915LJOJLT, 2019 WL 1170484, at *11 (E.D. Cal. Mar. 13, 2019) (discussing that a "quasi-contract claim *must* allege facts supporting such a claim – *i.e.*, that there is no express agreement or that any written agreement is unenforceable for some reason.") (emphasis in original). RBB2's operative complaint contains such factual allegations on behalf of a California class seeking to recover in quasi-contract, while the Ohio Action's complaint does not. *Compare* FAC ¶¶ 46–55 (alleging quasi-contract claim for unjust enrichment on behalf of a California class) *with Summit Gardens*, No. 1:17-cv-02553, dkt. 1-2, ¶¶ 38–48 (N.D. Ohio Dec. 7, 2017) (setting out breach of contract claim on behalf of a nationwide class, including existence of a contract). What's more, the Court has recognized that these "two claims [breach of contract and unjust enrichment] are indeed mutually exclusive for purposes of judgment and awarding damages." *RBB2*, 2019 WL 1170484, at *11; *see Adoma*,

711 F. Supp. 2d 1150 (declining to apply first-to-file rule when plaintiff in later-filed action sought additional relief under California state law that required different damages calculations from the causes of action asserted in earlier-filed action). The RBB2 Action is pursuing a discrete avenue for relief that the Ohio Action is not. These differing legal theories turn on different underlying facts and warrant a finding that the two cases are dissimilar.

The California quasi-contract claims that are proceeding here are sufficiently distinct from the single nationwide breach of contract claim at issue in the Ohio Action so as to preclude application of the first-to-file rule. *Mattero v. Costco Wholesale Corp.*, 336 F. Supp. 3d 1109, 1119 (N.D. Cal. 2018) (declining find two cases similar for purposes of first-to-file rule, noting "the differences between the cases in terms of what laws are in play with respect to the nationwide class and state law sub-classes are not that similar, although the underlying questions (*e.g.*, what is deceptive and as such illegal) may be."). Thus, the second of three required elements necessary to transfer under the first-to-file rule is not satisfied either.

### C. Equitable Considerations Warrant Retaining Jurisdiction Over the RBB2 Action.

Even if the Court were to find that the threshold elements required to apply the first-to-file rule were met, equitable considerations warrant the Court declining to do so here. *See Wilkie*, 2010 WL 3703060, at *5 ("[E]ven if the requirements of the first-to-file rule were met, the court has broad discretion to not apply the rule in the interests of equity."). "For instance, when the later-filed action has progressed further, efficiency considerations disfavor application of the rule." *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 270 (C.D. Cal. 1998); *Church of Scientology*, 611 F.2d at 750 ("While judicial economy would have been best served by the district court [in the first-filed action] deferring to the [district court in the later-filed action] at the outset, we cannot now say that efficiency demands that we remand to the district court [overseeing the first-filed action] below."). Relatedly, a court may also consider whether a party will be prejudiced by the transfer in determining whether to relax application of the first-to-file rule. *See Mack v. Amazon.com, Inc.*, No. CV1702515ABRAOX, 2017 WL

8220436, at *4 (C.D. Cal. Sept. 19, 2017); *Jumapao v. Washington Mut. Bank, F.A.*, No. 06-CV-2285 W (RBB), 2007 WL 4258636, at *3 (S.D. Cal. Nov. 30, 2007).

In this case, the RBB2 Action has progressed significantly since it was initially filed. RBB2 has already defeated a motion to dismiss, currently has a separate, fully-briefed motion to dismiss CSC's counterclaims pending before the Court, (*see* dkt. 31), and has begun engaging in discovery. In considering whether to relax the first-to-file rule, it is significant that RBB2 has already overcome a motion to dismiss, and the action is not simply at the initial filing stage. *See Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 963 (N.D. Cal. 2008) (comparing cases in first-to-file analysis, finding that a motion to dismiss was "more substantial" and led that action to have a "more developed case file" than one that was at the initial pleading stage). With respect to CSC's counterclaims, the plaintiff in the Ohio Action merely answered them, whereas RBB2 moved to dismiss them. A ruling on RBB2's pending motion has the potential to resolve those counterclaims and narrow the issues before the Court here, such that the RBB2 Action is farther along than the Ohio Action—i.e., the parties in the Ohio Action must still conduct discovery on and litigate CSC's counterclaims. Aside from the pending motion to dismiss the counterclaims, the Actions are in a similar posture though this case is set to advance beyond the Ohio Action in short order. That is, while both plaintiffs have served initial sets of written discovery, RBB2 understands that, unlike here, the parties in Ohio have not agreed upon an ESI protocol nor have they begun the process of producing documents to each other beyond a sampling of lease documents, and have not begun scheduling depositions. Instead, the parties in the Ohio Action have repeatedly sought continuances of status conferences to address discovery matters, *see Summit Gardens*, No. 1:17-cv-02553, dkts. 28, 29, 30; and have received an extension to their discovery deadlines, *id.*, dkt. 33 (N.D. Ohio Dec. 18, 2018).[8] This case has developed to the point where transfer would not conserve judicial resources, and would instead

---

[8]  Neither Action has advanced to the class certification stage. *See Adoma*, 711 F. Supp. 2d at 1150 (finding that "the equities in this case tip in favor of an exception to the first-to-file rule[,]" and noting specifically that the first-filed case had not advanced to class certification).

prejudice the parties.

Finally, while this Court is not obligated to address whether the transferee or transferor forum is more convenient to the parties, it may nonetheless do so. *See*, *e.g.*, *Pacesetter Sys.*, 678 F.2d at 96–97; *Guthy-Renker*, 179 F.R.D. at 270 ("A court may also relax the first-to-file rule if the balance of convenience weighs in favor of the later-filed action.") (internal quotations omitted). With respect to RBB2's claims, and as described in Section I, *supra*, much of the relevant evidence and many witnesses are located in the current forum. The property at issue is in California, the lease at the heart of the dispute was negotiated in California, the CSC workers that collected the funds are located here, and interactions with regional managers all took place in California. Ohio, by contrast, has no connection to the evidence or witnesses that will be called on to support RBB2's claims. Thus, convenience factors favor the Court's retaining jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court must decline to transfer this action to the Northern District of Ohio and should instead retain jurisdiction.

Respectfully submitted,

**RBB2, LLC**, individually and on behalf of all others similarly situated,

Dated: June 17, 2019

By: /s/ Benjamin H. Richman
      One of Plaintiff's Attorneys

Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
Todd Logan (SBN 305912)
tlogan@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94109
Tel: 415-212-9300

Fax: 415-373-9435

Benjamin H. Richman*
brichman@edelson.com
Michael Ovca*
movca@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312-589-6370
Fax: 312-589-6378

*admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

    I, Benjamin H. Richman, hereby certify that on June 17, 2019, I served the above and foregoing ***Plaintiff's Response to Order to Show Cause as to Why the Action Should Not Be Transferred to the Northern District of Ohio***, by causing a true and accurate copy of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

                                            /s/ Benjamin H. Richman