Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
Todd Logan (SBN 305912)
tlogan@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94109
Tel: 415-212-9300
Fax: 415-373-9435

*Attorneys for Plaintiff and the Putative Class*

Paul B. La Scala (SBN 186939)
plascala@shb.com
Shook, Hardy, and Bacon LLP
5 Park Plaza, Suite 1600
Irvine, California 92614
Tel: 949-475-1500
Fax: 949-475-0016

*Attorney for Defendant*

[Additional counsel appear on signature page]

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RBB2, LLC, a California limited liability company, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>CSC SERVICEWORKS, INC., a Delaware corporation,<br><br>*Defendant.* | Case No. 1:18-cv-00915-LJO-JLT<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br>**(Doc. 46)** |

1

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

**1.     Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2.     Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER designation. Documents shall be designated CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL, the physical media on which such electronically stored information is produced shall be marked with the applicable designation, and the designation CONFIDENTIAL shall be added to individual items' file name. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. If timely corrected, an inadvertent failure to designate qualified documents does not, standing alone, waive a party's right to secure protection

under this Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. By written stipulation the parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL, even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL, as required under this Order and thereafter the copies shall be subject to protection under this Order in accordance with their designation. The designation "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

**3. Documents Which May be Designated CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER.** Any party may designate documents as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information: 1) protected from disclosure by statute, or 2) that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other research, technical, commercial, or financial information that is not publicly available, and which the party seeking protection has taken reasonable steps to keep confidential and has not publicly disclosed Public records and other information or documents that are publicly available without violation of this Order may not be designated as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER.

**4. Depositions.** Deposition testimony shall be deemed CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as

CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER. Confidentiality designations for depositions shall be made either on the record or by written notice to all parties within 45 days of receipt of the certified transcript. The time period for making confidentiality designations may be extended by agreement of the parties. The entire transcript shall be protected as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER until timely designations are made. Thereafter, those portions so designated shall be protected as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

**5. Protection of Confidential Material.**

**(a) General Protections.** Documents designated CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY—SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5(b) or (c) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

**(b) Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER:

**(1) Outside Counsel.** Outside counsel for the parties and employees and agents of outside counsel who have responsibility for the preparation and trial of the action;

**(2) Parties.** Parties and employees of a party to this Order;

**(3) Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

1" = "1" "4812-0245-4171 v1" "" 4812-0245-4171 v1

**(4)** **Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") not currently employed or engaged by a competitor of the producing party who is employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

**(5)** **Others by Consent.** Other persons, including counsel for nonparties with similar claims against Defendant, only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. For purposes of clarity, counsel for non-parties with similar claims against Defendant may not view material designated CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER without the prior written consent of Defendant or upon order of the Court and only after executing the certification contained in Attachment A.

**(c)** **Attorneys Eyes Only Material.** Defendant's productions will include customer contracts and other documents containing highly sensitive competitive information, including but not limited to identities and contact information of Defendant's customers as well as the terms of agreements between Defendant and its customers. Additionally, a number of contracts include a confidentiality provision requiring Defendant to redact customer identity and contact information, and Defendant will comply with those requirements, unless ordered otherwise by the Court for the purpose of identifying class members.

With regard to the vast majority of contracts which do not contain a specific confidentiality requirement, the parties have agreed as follows:

**(1)** Instead of redacting customer identity and contact information, which would result in substantial delay and expense, Defendant will designate documents containing highly sensitive competitive information as ATTORNEYS EYES ONLY—SUBJECT TO PROTECTIVE ORDER;

**(2)** Plaintiffs may disclose documents so designated to counsel, court reporters and recorders, experts, and others by consent according to the terms in 5(b); however, documents designated ATTORNEYS EYES ONLY—SUBJECT TO PROTECTIVE ORDER may not be disclosed to parties or employees of a party to this Order or to any other customers of Defendant;

**(3)** Plaintiffs' counsel will redact visible customer names and contact information prior to attaching documents designated ATTORNEYS EYES ONLY—SUBJECT TO PROTECTIVE ORDER to pleadings;

**(4)** Neither Plaintiffs nor Plaintiffs' counsel will use customer names or contact information to contact, or to cause any third party including an agent to contact, Defendant's customers prior to class certification;

**(5)** Potential class members are not limited in any way from making initial contact with Plaintiffs' counsel, and Plaintiffs' counsel may communicate with potential class members that initiate contact with Plaintiffs' counsel; and

**(6)** Except for ¶ 3 (documents which may be marked "CONFIDENTIAL") and ¶ 5(b) (authorized recipients of documents

6

designated "CONFIDENTIAL"), all provisions of this Order applicable to documents designated CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER also apply to documents designated ATTORNEYS EYES ONLY—SUBJECT TO PROTECTIVE ORDER. For purposes of clarity, counsel for non-parties with similar claims against Defendant may not view documents designated ATTORNEYS EYES ONLY—SUBJECT TO PROTECTIVE ORDER without the prior written consent of Defendant or upon order of the Court and only after executing the certification contained in Attachment A.

**(d)  Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

**(e)  Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential

documents or otherwise disclose the substance of the confidential information contained in those documents.

**(f)** **Nonwaiver of Privilege.** The production of documents or electronically-stored information protected by the attorney-client privilege or work product doctrine, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged or protected information before production.

**6.** **Inadvertent Production.** If a claim of inadvertent production of privileged or work product material is made within a reasonable time from discovery of the inadvertent production with respect to information then in the possession of another party, such party shall promptly return to the claiming party that material as to which the claim of inadvertent production has been made and all copies thereof, and the receiving party shall not use the information for any purpose except as provided by Fed. R. Civ. P. 26(b)(5)(B), unless there is an assertion in writing that the claim of inadvertent production was not timely made. In such case, that dispute on whether the claim of inadvertent production was timely made shall be promptly presented to the court, and the party holding the documents shall not use them or disclose them until further order of court.

**7.** **Filing of Protected Documents under Seal.** Absent a statute or an order of this Court (Local Rule 141), documents may not be filed under seal except to the extent that the redaction pertains to the information listed in Local Rule 140(a). Neither this Stipulated Protective Order nor any other sealing order constitutes blanket authority to file ~~entire~~ documents under seal. Only confidential portions of relevant documents are

subject to sealing. To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information. If, however, the confidential information must be intertwined within the text of the document, a party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing.

~~Absent a court-granted exception based upon extraordinary circumstances, any and all filings made under seal shall be submitted electronically and shall be linked to this Stipulated Protective Order or other relevant authorizing order. If both redacted and unredacted versions are being submitted for filing, each version shall be clearly named so there is no confusion as to why there are two entries on the docket for the same filing.~~

~~If the Court has granted an exception to electronic filing, a sealed filing shall be placed in a sealed envelope marked "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER." The sealed envelope shall display the case name and number, a designation as to what the document is, the name of the party on whose behalf it is submitted, and the name of the attorney who has filed the sealed document. A copy of this Stipulated Protective Order, or other relevant authorizing order, shall be included in the sealed envelope.~~

<u>Any requests to seal documents SHALL comply with Local Rule 141, except that the Court will not accept hard-copy requests, unless prior approval is sought and granted.</u>

<u>If the Court grants a request to seal documents, they SHALL be emailed to: ApprovedSealed@caed.uscourts.gov.</u>

Any and all documents that may have been subject to sealing during discovery or motion practice will not enjoy a protected or confidential designation if the matter comes on for hearing, argument, or trial in the courtroom. The hearing, argument, or trial will be public in all respects.

9

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER
CASE NO.: 1:18-cv-00915-LJO JLT

1" = "1" "4812-0245-4171 v1" "" 4812-0245-4171 v1

**8. Challenges by a Party to Designation as Confidential.** Any designation of CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER is subject to challenge by any party or nonparty with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

**9. Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER shall be by motion under Local Rule 230 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial

**10. Redactions.** To protect against disclosure of information subject to the attorney-client privilege and attorney work-product protection, and to comply with applicable laws and regulations, including those protecting personal information, the parties may redact from produced documents the following:

    (a) Information protected from disclosure by the attorney-client privilege or attorney work-product protection;

    (b) Information that is not relevant and relates to unrelated products or services provided by Defendant or its affiliates; and

    (c) Social Security numbers, tax identification numbers, credit card numbers, bank account numbers, login credentials, dates of birth, marital status, home addresses, personal telephone numbers, personal email addresses, names of spouses and children, and other personal information.

**11. Confidential Information Requested, Subpoenaed, or Ordered Produced in Other Litigation.** If a receiving party is served with a document request, subpoena or order issued in other litigation that would compel disclosure of any material or document designated CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER, the receiving party must so notify the designating party, in writing, immediately and in no event more than five business days after receiving the subpoena or order. Such notification must include a copy of the request, subpoena, or court order. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its confidential information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

**12. Data Security.** Documents that have been designated as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER and information derived therefrom must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Receiving parties shall exercise the same care with regard to the storage, custody, or use of such documents as they would apply to their own material of the same or comparable confidentiality and sensitivity. Receiving parties must take reasonable precautions to protect documents designated as CONFIDENTIAL—SUBJECT TO

1" = "1" "4812-0245-4171 v1" "" 4812-0245-4171 v1

PROTECTIVE ORDER from loss, misuse and unauthorized access, disclosure, alteration and destruction, including but not limited to:

    **(a)** Documents in electronic form that have been designated as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER shall be maintained in a secure litigation support site that applies standard industry practices regarding data security, including but not limited to application of access control rights to those persons entitled to access documents so designated under this Order;

    **(b)** A list of current and former authorized users of the receiving party's litigation support site shall be maintained while this litigation, including any appeal, is pending;

    **(c)** Documents designated as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER that are downloaded from the litigation support site in electronic format shall be stored or shipped only on devices or media (e.g., laptop, tablet, smartphone, USB drive) that are encrypted with access limited to persons entitled to access documents so designated under this Order;

    **(d)** Documents in paper form that have been designated as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER shall be maintained in the receiving party's counsel's law offices or comparably secure location, with access limited to persons entitled to access documents so designated under this Order;

    **(e)** Electronic delivery of documents designated as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER shall be by secure File Transfer Protocol or encrypted email addressed only to persons entitled to access documents so designated under this Order; and

    **(f)** If a data breach that includes documents designated as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER occurs or a receiving party reasonably believes such a breach may have occurred, the

receiving party shall immediately report such incident to the designating party, describe the documents so designated that were or may have been accessed without authorization, and use best efforts to return to the designating party such documents copied or removed. In such event, the receiving party shall immediately take such actions as the producing party shall request in good faith to remediate the breach, to preclude further breaches, and to address publicity regarding the breach, and in any event take such actions as are required by applicable laws, including privacy laws. After notification, the receiving party shall keep the designating party informed of remediation efforts.

**13. Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial documents designated as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER, or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (<u>i.e.,</u> by Bates number, page range, deposition transcript lines, etc.) without divulging the actual documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**14. Obligations on Conclusion of Litigation.**

    **(a) Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    **(b) Return of Protected Documents.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents protected under this Order, including copies as defined in ¶ 5(e), shall be returned to the producing party unless: (I) the document has been offered into evidence or

13

filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be protected under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Plaintiff's counsel may also retain indefinitely in its firm client database the names and contact information of all members of any class certified by the court. Plaintiff's counsel may further retain, for a period of two (2) years following the later of the conclusion of this matter or any payment to a class member, all transaction and similar records relating to that class member and their claim(s) or objection(s) in this matter, this retention being to address any claim of legal malpractice or similar claim against class counsel. Following that two (2) years, or following the conclusion of any such malpractice or similar claim, whichever is later, those records will be destroyed in accordance with this Agreement.

**(c) Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**15. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 230 and the presiding judge's standing orders or other relevant orders.

**16. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**17. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

///
///
///
///
///
///
///

1" = "1" "4812-0245-4171 v1" "" 4812-0245-4171 v1

# ORDER

Except as modified in paragraph 7, the Court **GRANTS** the stipulated protective order.

IT IS SO ORDERED.

Dated: **July 1, 2019**         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RBB2, LLC, | |
| Plaintiff, | Case No.: 1:18-cv-00915-LJO-JLT |
| v. | Judge: Hon. Lawrence J. O'Neill |
| CSC SERVICEWORKS, INC., | Courtroom: 4 |
| Defendant. | |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY—SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____
Job Title: _____
Employer: _____
Business Address: _____

_____  _____
Date                                            Signature

1" = "1" "4835-6358-5179 v1" "" 4835-6358-5179 v1