# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RBB2, LLC, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CSC SERVICEWORKS, INC.,<br>Defendant. | Case No.:1:18-cv-0915 - LJO - JLT<br><br>ORDER TO THE PARTIES TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED OR STAYED |

The Court ordered the parties to show cause why the case should not be transferred to the Northern District of Ohio because a case, <u>Summit Gardens Associates, et al. v. CSC Service works, Inc.</u>, Case Number 1:17-cv-02553 DCN, was filed earlier and makes similar claims. The Court noted that CSC contends the class description alleged in the <u>Summit Gardens</u> case encompasses the class described in this litigation.

The parties responded and were uniform and emphatic that this case should not be transferred, in part because "this action involves a laundry service agreement for property located in California, and a business relationship unique to RBB2 and CSC focused solely in California." (Doc. 43 at 3) Both sides argue that because this case could not have been brought in Ohio, the first-to-file rule does not apply. Indeed, they are correct that in <u>in In re Bozic</u>, 888 F.3d 1048, 1051 (9th Cir. 2018), the Court determined that the first-to-file rule allows a Court to transfer a case only if the first-filed case is a proper venue for the second-filed case. Nevertheless, <u>Bozic</u> did not preclude courts from dismissing or

1

staying the second-filed case under the first-to-file rule. From the recent filing by the Summit Gardens plaintiffs, through attorney Mr. Allard, it appears that one of these options may be best.

First, Mr. Allard notes that this Court and the Ohio Court have already been forced to consider the same arguments related to whether the language of the lease agreements allowed for the challenged administrative fee. (Doc. 50 at 2). This Court especially and, indeed, no federal court, has time to waste and duplicating efforts clearly does this.

Second, the Ohio court has condoned a discovery plan that includes the leases issued in California. Id. at 4. Mr. Allard reports that CSC has already produced over 60,000 pages of documents representing service leases issued throughout the country and Summit Gardens' counsel has "engaged in a thorough review of those leases necessary to establish liability and to confirm suitability for class certification. Additionally, the parties have propounded detailed and extensive discovery including requests for admission, interrogatories, and requests for production of documents." Id. Duplicating this effort would waste the Court's precious resources because it would be required to oversee a second discovery effort that despite that it is occurring already in Ohio. If this case is stayed, once Summit Gardens is resolved, the Court could allow limited discovery on the quasi-contract theory, if necessary.

Third, Mr. Allard reports that "CSC and RBB2 secretly negotiated a global, nationwide settlement [which was] revealed in July 2019." (Doc. 50 at 5) Finally, Mr. Allard describes a course of conduct by counsel to this case which, if true, seems to actively disregard the limited resources of all courts and cannot be condoned. Therefore, the Court **ORDERS:**

///
///
///
///
///
///
///
///

1. **No later than September 16, 2019**, the parties **SHALL** show cause why the matter should not be dismissed or stayed. They should address the issues raised here including how this Court's resources can best be preserved and how any duplication of effort with the Ohio court (and any other court in which, purportedly, 20 other similar cases are proceeding) can be avoided. Alternatively, they may file a notice of settlement.[1]

IT IS SO ORDERED.

Dated: **August 30, 2019**           **/s/ Jennifer L. Thurston**
                                     UNITED STATES MAGISTRATE JUDGE

---

[1] Indeed, if, in fact they settled this action in July, they are in violation of Local Rule 160 which requires them to "immediately file a notice of settlement . . ."

3